

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 18, 1960

Hon. William A. Harrison, Commissioner
State Board of Insurance
International Life Building
Austin, Texas

Opinion No. WW-906

Re: Whether or not the Texas Busi-
ness Corporation Act is now
or will become applicable to
insurance companies subject
to Art. 2.18 of the Texas Insur-
ance Code, in view of H.B. 144,
56th Legislature.

Dear Mr. Harrison:

You have asked our opinion on several questions concerning the appli-
cability of the Texas Business Corporation Act (hereinafter referred to as
the "Act") to insurance companies governed by Article 2.18 of the Insurance
Code. This Article provides as follows:

> "The laws governing corporations in general shall
> apply to and govern insurance companies incorporated in
> this State in so far as the same are not inconsistent with
> any provision of this Code. None of the provisions of this
> Chapter 2 shall apply to insurance companies organized
> or operating under the provisions of Chapter 3 or Chapter 11
> of this Code, and Chapters 10, 12, 13, or 14 of this Code."

Your request is predicated on the 1959 amendment (H.B. 144) to 9.14A of
the Act which added the underlined portions to this section now quoted as follows:

> ". . . provided, however, that if any of said excepted
> domestic corporations were heretofore or are hereafter
> organized under special statutes which contain no provisions
> in regard to some of the matters provided for in this Act,
> or any such excepted foreign corporations were heretofore
> or hereafter granted authority to transact business within
> this State under any special statute which contains no pro-
> visions in regard to some of the matters provided for in
> this Act in respect of foreign corporations, or if such special
> statutes specifically provide that the general laws for incor-
> poration or for the granting of a certificate of authority to
> transact business in this State, as the case may be, shall
> supplement the provisions of such statutes, then the provi-
> sions of this Act shall apply to the extent that they are not
> inconsistent with the provisions of such special statutes."

The recent Attorney General's Opinion WW-905 was concerned with these
same questions in regard to life insurance companies governed by

Article 3.69 of the Insurance Code. In that Opinion we held that "a literal reading of the 1959 amendment to 9.14A evidences a clear legislative intent to bring all insurance companies, regardless of when organized or admitted to Texas, under one set of corporate laws supplemental to the Code as of the effective date of such amendment." and that the sections of 9.14 postponing the effective date of the Act for existing general business corporations do not apply to life insurance companies.

The same principles apply with equal force to insurance companies incorporated under Chapter 2 of the Insurance Code and we therefore hold that the Texas Business Corporation Act supplements the provisions of the Texas Insurance Code pertaining to insurance companies governed by 2.18 of the Code where not inconsistent therewith.

The remaining questions in this request turn on the issue of whether the provision of Article 2.17B of the Act limiting the allocation of capital funds to surplus to not more than 25% applies to those insurance companies governed by Article 2.18 of the Insurance Code. As in the case of life insurance companies, the Insurance Code permits companies incorporated under Chapter 2, issuing no-par value stock under Section 2 of Article 2.07 to begin business with a $250,000.00 minimum. Article 2.02, Section 4, Sets out the authorized minimum capital and minimum surplus requirements as follows:

> "4. The amount of its capital stock and its surplus, which shall in no case be less than $100,000.00 capital and $50,000.00 surplus in the event the company is incorporated to engage in the business of fire insurance and its allied lines, or marine insurance, or both, and which in no case shall be less than $150,000.00 capital and $75,000.00 surplus if the company is incorporated to engage in the casualty insurance business, including fidelity, guaranty, surety and trust business, and which in no case shall be less than $200,000.00 capital and $100,000.00 surplus in the event the company is incorporated to engage in the business of fire insurance and its allied lines, or marine insurance, or both fire and marine insurance, and the business of casualty insurance."

The application of 2.17B of the Act to insurance companies described in this Article would require a company to begin business with a greater amount of capital than permitted in Article 2.02, Section 4, in order for the described minimum surplus amounts to constitute not more than 25% of the proceeds from the sale of no-par value stock as required by 2.17B. Since these same points are discussed in detail by Attorney General's Opinion WW-905, they will not be extended here.

We held in Attorney General's Opinion WW-905, (dealing with life insurance companies issuing no-par value stock) that "the restriction of 2.17B simply does not take into account or even contemplate a required minimum surplus and hence is inconsistent with the Insurance Code." The same is

true for Chapter 2 companies, and we, therefore, hold that the restriction on the percentage of capital funds allocable to surplus in Article 2.17B of the Texas Business Corporation Act is inconsistent with the provision of the Texas Insurance Code regulating companies governed by Article 2.18 thereof, and, therefore, is not applicable to such companies.

## SUMMARY

The Texas Business Corporation Act supplements the provisions of the Texas Insurance Code dealing with Chapter 2 companies, where not inconsistent therewith. However, the restriction on the percentage of capital funds allocable to surplus in Article 2.17B of the Texas Business Corporation Act is inconsistent with the sections of the Insurance Code dealing with companies issuing no-par value stock governed by 2.18 and, therefore, is not applicable to such companies.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Richard A. Wells

Richard A. Wells
Assistant Attorney General

RAW/pe

APPROVED:

OPINION COMMITTEE:

C. K. Richards, Chairman
Milton Richardson
John Reeves
Houghton Brownlee
Charles Cabaniss

REVIEWED FOR THE ATTORNEY GENERAL
BY:
        Leonard Passmore